Marlene M. Ongesii
P.O.Box 20966
Barrigada, Guam 96921
671.6885816
marlene627@hotmail.com

**Plaintiff in Pro Se**

**FILED**

DISTRICT COURT OF GUAM

MAY 2 6 2015

**JEANNE G. QUINATA**
CLERK OF COURT

## UNITED STATES DISTRICT COURT
### TERRITORY OF GUAM

| | |
|---|---|
| **Marlene M. Ongesii,** individually and on behalf of all others similarly situated<br><br>**Plaintiff**<br><br>**V.**<br><br>**GURUSAMY INC, DBA HEALTH SERVICES OF THE PACIFIC-HSP and DOES 1-10,**<br><br>**Defendants** | Civil Case No. 15-00017<br><br>**COMPLAINT-TITLE VII**<br>Sex/Gender Discrimination,<br>Sex/Pregnancy Discrimination,<br>Retaliation and Wrongful Termination<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff, by and through her own *Pro SE* representation alleges and complain as follows:

## PART I

### NATURE OF THE ACTION AND JURISDICTION

This is an action under Title VII of the Civil Rights Act of 1964 seeking to correct unlawful employment practices on the basis of sex, pregnancy, retaliation and wrongful termination, and thereby seeks appropriate relief to Plaintiff.

ORIGINAL

ONGESII and others similarly situated individuals who were adversely affected by such inappropriate employment practices. As set forth more fully in this complaint, the Plaintiff alleges she and other similarly situated individuals were subjected to unlawful employment practices under Title VII of Civil Rights Act of 1964 on the basis of pregnancy discrimination forced resignations/terminations, sex/gender discrimination, retaliation on employee for complaining by Defendants Gurusamy Inc, ("Health Services of the Pacific"-herein after "HSP").

Plaintiff further complains that Defendants' actions were barred by Guam law and deemed as unlawful discriminatory practices as well as unlawful employment practices. Jurisdiction of this Court is invoked pursuant 28 U.S.C. § §451, 1331 and 1343. This action is authorized and instituted pursuant to Section 42 U.S.C. §§2000, et seq. ("Title VII"), Section 102 of the Civil Rights of 1991, 42 U.S.C. § 1981 a and violations of territorial law codified in the Guam Code Annotated.

## PART II

## VENUE AND JURISDICTION

A. This court has jurisdiction for the claim hereby pursuant to 42 U.S.C.A §
   2000e-5(f)(3) and 28 U.S.C.A. §§ 1331. This civil action arises under the
   laws of the United States and Guam. Plaintiffs are alleging violations of
   their rights under Title VII of the Civil Rights Act of 1964, as amended, 42
   U.S.C.A §§ 2000 et seq. Pursuant to 28 U.S.C. § 1367 (a), Plaintiff Ongesii

2

requests this Court to exercise supplemental jurisdiction to hear and decide claims against Defendant arising under the laws of the territory of Guam.

B. Venue herein is proper under 28 U.S.C.A § 1391 (b) and 42 U.S.C.A § 2000 e-5(f)(3) Defendant HSP was doing business in the territory of Guam at relevant times herein to, and resulted in the unlawful employment practices and unlawful discrimination of which Plaintiff is complaining were committed in the territory of Guam.

## PART III

## PARTIES

A. Plaintiff, ONGESII is an individual and has resided in Guam since birth. From approximately Sept 2, 2010 to about May 17, 2013, the Defendant was employed with HSP.

B. Defendant HSP is a Guam Corporation, and has been doing business at 809 Chalan Paseheru, Unit #2 Tamuning, Guam

C. At all relevant times, Defendant HSP has continuously been an employer engaged in an corporate industry affecting commerce within the meaning of §§ 701 (b), (g), and (h) of Title VII

D. At all relevant times, Defendant HSP has employed more than fifteen (15) people for each working day in each of the twenty or more calendar weeks;

3

thus Defendant meets criteria definition of "employer" under Title VII 42 U.S.C. § 2000 e (b) and Guam law.

E. Plaintiff is ignorant of true capacities of HSP, therefore in addition to Defendants HSP, herewith exerts right to sue DOES 1 through 10, inclusively, and therefore Plaintiff also seeks relief and sues said Defendants by fictitious names. Plaintiff reserves her right to amend her Complaint to name the DOES individually or collectively, as they become known. Plaintiff claims that each defendant names as DOES are in some manner responsible for the acts and omissions alleged herein and Plaintiff will justly amend the Complaint to alleges such responsibilities when the same has been ascertained by Plaintiff.

F. It is further alleges on information and belief that the named and unnamed Defendants in the Complaint are mere alter egos of the Defendant.

G. All of the acts and failure to act alleged herein where duly performed, guided or under direction and control of others, except as specifically alleged otherwise. These said acts and failures to act were within the scope of the agency and/or employment, and each Defendant had participated in, approved, and/or ratified those unlawful acts and omissions by employees complained of herein after. Wherever and whenever there is reference to any act in this Complaint by Defendant or any employee, such allegations

4

and references shall be construed and deemed to mean the acts and failure to act of Defendant.

## PART IV

## PROCEDURAL REQUIREMENT

A. Throughout her employment, Plaintiff ONGESII alleges she was subjected to continuing series of incidents of unlawful employment practices further detailed in Parts V through VIII

B. In or about December 19, 2013, ONGESII mailed in to the Equal Employment Opportunity Commission ("EEOC") Honolulu, Hawaii office and filed a charge EEOC 486-2014-00105C with thereby satisfying the requirement of 42 U.S.C.A. § 2000 e-5 (b), (e). Such charge was filed within the three hundred (300) days of the unlawful employment practices. Thus, all conditions precedent to the institution of this lawsuit have been fulfilled

C. On or about January 25, 2014 EEOC Honolulu, Hawaii initiated complaint investigation.

D. Guam's geographical location limited Plaintiff direct physical contact to EEO investigations thereby plaintiff had exhausted various means of communication to EEOC HNL office. From onset of complaint Plaintiff ONGESII, made repeated calls/follow-ups. After five (5) months of no

response, on or about May 09, 2014 Ongesii made phone call inquiry to EEOC National Office Washington seeking update on case status, was informed "someone in HNL will contact me". *(See Exhibit A)*

E.  On or about June 05, 2014 received phone call from EEOC HNL office Mrs. Gloria stated file was "still in directors hands for review and awaiting assignment for investigator."

F.  On or about August 14, 2014, EEOC Honolulu, Hawaii Investigator Mr. Colon alleges and confirms via email he is assigned investigator. However, hard copy of record indicates case was assigned on June 5, 2014 to Mr. Rogelio Colon. *(See Exhibit B)*

G.  On or about September 04, 2014, Plaintiff responded to part F above and was awaiting feedback. *(See Exhibit C)*

H.  On or about October 14, 2014, responded to letter disputing Defendants allegation email was sent my investigator Mr. Colon and Plaintiff was seeking clarification to status of case.

I.  With little to no feedback, after ten months of waiting, on or about October 20, 2014, received email response from Mr. Colon stating, "Thanks for your inquiry… the case is under investigation. There is no time frame as to when and investigation is to be completed." *(See Exhibit D)*

J. On or about November 21, 2014, received email from EEOC office in Honolulu, Hawaii principal counselor/investigator Rogelio Colon stating he found "no claim" will be issuing "right to sue letter". *(See Exhibit E)*

K. On or about November 22, 2014, and resent on November 25, 2014 responded to email requesting copy of my file and did not received any response from Mr. Colon. *(See Exhibit F)*

L. With time ticking away and no response and Plaintiff unsure "due process/procedures." On or about December 8, 2014, Plaintiff Ongesii sent out certified mail requesting copy of file and seeking follow up with "right to sue letter" with return postage envelope. Plaintiff did not receive any response. *(See Exhibit G)*

M. Coincidentally, EEOC Honolulu, Hawaii, after said investigation issued a Letter of Determination dated December 8, 2014 with respect to the charges against HSP. The EEOC determined, "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statues." Therefore, EEOC determined that there was reasonable cause to believe that ONGESII and other employees similarly situated were subjected to unlawful employment practices and employment discrimination, which resulted in Plaintiff Ongesii wrongful termination, retaliation, sex/pregnancy discrimination and sex/gender discrimination.

7

*(NOTE: On or about February 26, 2015, Plaintiff was "officially" furnished with copy of EEOC Determination Letter) (See Attachment H)*

N. On about January 06, 2015, Plaintiff sent email to Mr. Colon stating Plaintiff has yet to receive hard copy of right to sue letter. Mr. Colon states, "to contact him next week if not received". Mr. Colon failed to adequately furnish Plaintiff of letter was unaware of date "right to sue" letter was signed or what process was in and was gravely anxious of time sensitivity. Thus any attempts to seek legal counsel was mute as they all requested "copy of right to sue letter". Mr. Colon alleges that ninety (90) day time frame to sue it upon "receipt of letter. *(See Exhibit H)*

O. On or about February 19, 2015, follow-up sent no "right to sue" letter was received, Form 167 was received for copy of record. *(See Exhibit I)*

P. Upon receipt of "right to sue" letter, after February 26, 2015 Plaintiff attempted to seek legal guidance but numerous lawyer stated "burden of proof" of ninety (90) days difficult as letter was dated December 08, 2014. Plaintiff inquired with district court legal assistance but unable to obtain or find pro-bono legal services on Guam to take her case, and advised to submit Pro Se.

Q. On or about February 26, 2015, officially received copy of "right to sue letter" Thereby, seeking court remedy for tolling time for right to sue and

8

EEOC case is currently awaiting reconsideration with EEOC Honolulu, Hawaii acting Director (*See Exhibit J)*

R. On or about March 21, 2015, sent appeal and request for reconsideration to EEOC Washington office and EEOC Honolulu, Hawaii. To date, its currently being treated as "request for reconsideration" with Ms. Melissa Barrios, Acting Director of Honolulu local office. (*See Exhibit K)*

S. On or about May 17, 2015, received written response from EEOC Washington office affirming case is under reconsideration and that request for "tolling time" is dependent on courts. (*See Exhibit L)*

T. Therefore, as indicated in references above Plaintiff seeks "tolling time" as determination "right to sue" letter was not received accordingly or timely.

## PART V

## FIRST CLAIM FOR RELIEF FOR SEX-GENDER

A. Plaintiff incorporates by references the allegations contained in Parts I-IV above.

B. Plaintiff/s was qualified for the job held at HSP (*See Exhibit M)*

C. Plaintiff/s are/were female employees of Defendant HSP, a group protected under Title VII and the Guam Code Annotated ("GCA"), Title 22, § 5201 et seq. from discrimination on the basis of Sex- (Gender)

9

D. On or about September 2, 2010-February 2, 2012, Plaintiff was part-time Medical Social Work supervisor working twenty (20) hrs. weekly. Initially supervising two (2) FTE social worker staff and one (1) PT for weekends/on call basis.

E. On our about January 2012, one FTE social worker left to pursue her higher education, leaving Plaintiff with only one (1) FTE social worker and (1) part-time social worker on weekend. Despite repeated pleas Defendant refused to hire additional supportive/replacement social work staff.

F. On or about February 2, 2012 after 18months employment evaluation and Plaintiff was given high praises however, Plaintiff deficits resulted from limited hours and given additional duties/responsibilities with no increase in pay and other staffs were granted full-time status and or pay adjustment/compensations. Plaintiff did not receive official hard copy of evaluation (*See Exhibit N)*

G. On or about February 2, 2012, Plaintiff remained on part-time status in which hours increased to from twenty hours but were not to exceed thirty (30) hour for workweek. Defendant deprived Plaintiff of any benefits that were deemed by fulltime staff working in management capacity, theregy crippling Plaintiffs work abilities by keeping Plaintiff ONGESII on part-time status but duly expected perform as a forty (40) hour employee.

H. Defendant HSP has a very high turnover rate of employees and expectations are not realistic. Plaintiff ONGESII had requested on numerous occasions for additional staff but was told, "Numbers don't support request." Plaintiff pleaded for supportive staff, however, Defendant refused to hire/replace staff and revamped.

I. Defendant knowingly revamped many other management positions and gave pay adjustment, however, plaintiff pay remained the same from date of hire. Plaintiff ONGESII job description was revamped, adding a whole new section that was previous held by other staff, Plaintiff inquired for compensation increase and defendants informed ONGESII "pay is NOT connected to evaluation. *(See Exhibit O)*

J. Due to increase in job demands and limited staff. On or about October 7, 2012, receive permission and informed verbally by her immediate supervisor Ms. Sophia Mesa that Plaintiff ONGESII will be granted and promoted to full-time status to forty (40) hrs., however, Defendant DENIED additional hours ONGESII that she is not entitled to fulltime status/benefits and remained in part-time thirty hr. status. With HR witness, stating Mrs. Mesa did not have authority to grant request.

K. On or about October 24, 2012, defendant called in Plaintiff for first Disciplinary Action; however, immediate supervisor was not present in this

meeting which evoked "fear and intimidation" as meeting/ reprimand was one-way conversation. Allegations are not truly justifiable. (*See Exhibit P*)

L. For ten (10) months Defendant knowingly limited and deprived Plaintiff ONGESII of additional hours and resources, thereby after numerous pleading to increase by only two hours from thirty (30) hours to thirty-two (32) hours to qualify for medical insurance was granted in November 2012. Defendants HSP alleges that employment fulltime status was effective November 11, 2012, however only additional two hours deemed Plaintiff to qualify for fulltime benefits but was denied to forty hour workweek.

M. Statement above L, reiterates Defendants resistance and held that Plaintiff ONGESII perform ALL her job duties as if she was a forty (40) hr employee and had little to no administrative support, limited staff and limited hours. Requests for relief for additional staff but was repeated denied by defendants.

N. Plaintiff believes throughout her employment she was the only upper-management employee who was deprived of fulltime benefits, perks, justly compensation or provided accommodations/training or additional staff. Plaintiff ONGESII believes terms of employment were changed/altered in doing so added uncompensated duties in which HSP conducted unlawful and discriminatory employment practices.

O. It appeared that Mr. Ivy male, medical social work supervisor replacement from onset was hired at forty (40) hrs. provided FTE benefits and perks, provided with extra supportive staff and accommodations that Plaintiff ONGESII was deprived of.

P. Plaintiff believes replacement staff Mr. Jarred Ivy, male social work supervisor whom she was replaced with received higher pay compensation, was offered the job after she disclosed her pregnancy prior to Plaintiff wrongful dismal/termination.

Q. On or about December 2012 Plaintiff ONGESII initiated and attempted recruitment and hiring of Ms. Hope Pangelinan aka Mrs. Hope P. Cortez, which she was denied.

R. Interestingly Mr. Ivy was provided with additional social work support thereby on or about July 2013, Mrs. Cortez was hired as FTE social worker and Plaintiff believes that both Mr. Ivy and Mrs. Cortex pay was higher than Plaintiff ONGESII.

S. On or about January 2013, Plaintiff informed Defendant of two instances unruly comment made by fellow male co-worker; 1st instance, when he learned Plaintiff was pregnant he commented, "Do you know who the father is?" and another instance; On or about April 2013, 2nd instance, in an attempt to revamp forms male coworker he stated "why don't you

13

dummy down forms." Both instances were directly reported to my supervisor and HR but no sanctions or reprimand were done.

T. On or about October 2013, Defendant negligent conduct and unlawful employment practices also resulted in the strain and dissolution of romantic relationship in which Plaintiff son father concurrently seeking legal remedy of "joint custody of minor child.

U. As a proximate result of Defendants conduct, Plaintiff sustained and incurred substantial losses in earnings, suffered extreme humiliation, at nine (9) months pregnant Plaintiff endured extreme emotional distress, and mental and physical pain and anguish which placed here and her unborn child at risk, all to their damage in the sum according to proof at trial

V. Defendant conduct as described above was willful, despicable, knowing and intentional: accordingly Plaintiffs are entitled to an award of punitive and exemplary damages in the amount according to proof.

## PART VI

## SECOND CLAIM FOR RELIEF SEX/PREGNANCY

A. Plaintiff incorporates by references the allegations contained in Parts I-V above.

B. Plaintiff/s are/were female employees of Defendant HSP, a group protected under Title VII and the Guam Code Annotated ("GCA"), Title 22, § 5201 et seq. from discrimination on the basis of Sex-(Pregnancy)

C. Plaintiff believes other female employees suffered similar retributions once pregnancy was revealed.

D. On or about 2010, shortly after hire, Plaintiff became aware that Defendants willfully and knowingly denied another female staff from exercising Family Medical Leave Act-("FMLA") entitlements and required said staff to report to work shortly after delivery of her child. This same individual was later terminated for attending to her child's emergency needs.

E. Defendant worksite is not a family friendly environment and often resulted in unwarranted derogatory comments towards pregnant females or resulted reprimands for attending to family/child emergency. *(See Exhibit Q)*

F. On or about January 2013, informed defendant of pregnancy, due to preexisting medical complications Defendants where informed that ONGESII will be having scheduled caesarean done. ONGESII was not allowed or granted any FMLA leave.

G. Thus, once pregnancy was disclosed Plaintiff claims that Defendants invoked hostile punitive work environment and masterminded intentional sabotage to remove Plaintiff from her employment.

Defendant's refusal to increase compensation, adequately increase hours or provide adequate staff to assist in her job functions/duties.

H. On or about May 17, 2013 while Plaintiff ONGESII was thirty-three (33) weeks pregnant, defendants informed Plaintiff that her "substandard performance" resulted in immediate termination. Volunteer resignation was extended to plaintiff. Immediate supervisor attempted to show support for Ongesii but it was dismissed and mute. *(See Exhibit R)*

I. On or about May 20, 2013, at nine (9) months pregnant Plaintiff declined coercive attempt by Defendant to submit resignation in lieu of termination. Plaintiff ONGESII exerts that reasoning was unruly and unjust, therefore removed her belonging and vacated jobsite *(See Exhibit S)*

J. On or about May 21, 2013, Defendant issued termination letter *(See Exhibit T)*

K. As a proximate result of Defendants conduct, Plaintiff sustained and incurred substantial losses in earnings, suffered extreme personal and professional humiliation, at nine (9) months pregnant Plaintiff endured extreme emotional distress, and mental and physical pain and anguish which placed here and her unborn child at risk, all to their damage in the sum according to proof at trial

L. Defendant conduct as described above was willful, despicable, knowing and intentional: accordingly Plaintiffs are entitled to an award of punitive and exemplary damages in the amount according to proof.

## PART VII

## **THIRD CLAIM FOR RELIEF FOR RETALIATION.**

A. Plaintiff incorporates by reference the allegations in Parts I to VI above.

B. At all times relevant herein, Plaintiff ONGESII engaged in a protected activity under Title VII of the Civil Rights Act of 1964 by complaining to immediate supervisor and Human Resource-(HR) personal and management personnel about persistent patterns of intentional unlawful practices of withholding employee payroll checks if deemed on the "unverified list".

C. Throughout her employment, Plaintiff spoke up about unlawful employment practices but fell on "deaf ears". Defendants elicited corporate bullying, fear and intimidation and regularly withheld payroll checks of hourly employee, or more over reprimanded or forced resignations on employees in lieu of termination.

D. With high workload demands, Defendants adamantly would refuse and not grant additional hours for Plaintiff ONGESII, provide additional supportive staff or grant/approve of over-time for sole FTE staff. Plaintiff deems this

gesture retaliatory in nature as lack of support impeded on her job functions and roles.

E. On or about April 2013, Plaintiff ONGESII was informed that her sole female staff was withheld her payroll check for three (3) consecutive payrolls. Plaintiff immediately sought remedy to release payroll checks. However, only one (1) check was immediate released and defendant alleges other checks cannot be released until staff completes tasks on "unverified list".

F. On or about October 2013, it was reveal to Plaintiff ONGESII that United States Federal Wage and Hour division had initiated and internal investigation against Defendant HSP for unlawful employment practices and withholding of checks. As a result, Plaintiff and other employees were issued "back pay" payments.

G. As a proximate result of Defendants conduct, Plaintiff sustained and incurred substantial losses in earnings, suffered extreme personal and professional humiliation, at nine (9) months pregnant Plaintiff endured extreme emotional distress, and mental and physical pain and anguish which placed here and her unborn child at risk, all to their damage in the sum according to proof at trial

H. Defendant conduct as described above was willful, despicable, knowing and intentional: accordingly Plaintiffs are entitled to an award of punitive and exemplary damages in the amount according to proof.

## PART VIII

## THIRD CLAIM FOR RELIEF

## CONSTRUCTIVE WRONGFUL TERMINATION

A. Plaintiff incorporates by reference the allegations stated and contained in parts I through VII above.

B. At all times relevant herein, Plaintiff engaged in protected activity under Title VII of the Civil Rights Act of 1964 by exercising concerns of HSP inappropriate management practices and conduct.

C. Defendants treatment of ONGESII was a direct violation or 22 GCA § 5201, et seq.

D. Defendant projected a negative hostile work environment, which resulted in high turnover/forced resignations/termination and are deemed corporate bullies and unlawful employment practices.

E. Defendants repeated used harassing abusive, insulting and offensive languages at the jobsite. This behavior and body language was intimidating, frightening, humiliating, belittling and degrading as well as countless

numerous times of yelling and screaming. Plaintiff and employees were intimidated and fearful of losing their jobs daily.

F. As a proximate result of Defendants conduct, Plaintiff ONGESII lost her employment and has sustained and continues to sustain substantial losses in earnings and has grave suffered personal and professional humiliation, emotional distress, and mental and physical pains and anguish, all to this damage in a sum according to proof at trial.

G. Defendants conduct as described above was willful, despicable, inhumane, knowing, cruel, unjust and intentional; and in reckless disregard for ONGESII federally protected rights; accordingly, Plaintiff is entitled to an award of punitive and exemplary damages in an amount according to proof.

## Part VIIII

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests that this Court:

A. Grant permission injunctions enjoining Defendant HSP, its officers, successor, assigns, and all other persons in active concert or participates on their behalf or with them, from engaging in sexual harassment, retaliation and any other employment practices which discriminates on the basis of sex, gender and/or pregnancy.

B. Order Defendants HSP to institute trainings and carry out policies, practices and programs which provides equal employment opportunities, and which eradicates the effects of their past and present unlawful employment practices or procedures.

C. Order Defendant HSP to make whole Marlene Ongesii and other similarly situated individuals, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trail, and other affirmative relief necessary to eradicate the negative affects of their unlawful employment practices.

D. Order Defendant HSP to make whole Marlene Ongesii and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial

E. Order Defendant HSP to make whole Marlene Ongesii and other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from unlawful practices from above mentioned, including but not limited to emotional pain, suffering and anguish, inconvenience, loss of enjoyment of life, personal and professional humiliation, in amounts to be determined at trial.

F. Order Defendant HSP to pay Marlene Ongesii and other similarly situated individuals punitive damages for their gross malicious and reckless conduct described above, in amounts to be determined at trial.

G. Award Plaintiff costs of suits, attorney fees in this action, and any pre-judgment interest; as allowed by law

H. Grant further relief, as Court deems necessary just and proper in the public interest.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff demands a jury trial for this action.

Dated: 05|26|15

Marlene M. Ongesii
Plaintiff, Pro Se



## EEOC Phone call/Email communication log

- 12/19/13-confirmed paperwork rec'd on 12/19/13, investigator Rogelio Colon
- 01/23/14-Called left message 1-808-541-3121 10:30GMT
- 01/24/14-Called spoke with Mr. Colon, asked only specific questions related to pregnancy
- 01/25/14 Email: rec'd EEOC form 5
- 01/30/14-Called informed awaiting response from HSP
- 02/21/14- called for follow-up no answer
- 02/24/14-Called informed rec'd HSP response
- 03/05/14 Email: - sent email that I was informed previous employee Celeste Hernandez did also file pregnancy discrimination
- 03/11-03/21/14-tried to follow-up Mr. Colon on leave
- 03/18/14-Left msg to return call NO RETURN call
- 03/25/14-Called a0am GMT, as per Mr. Colon, case file with director awaiting assignment "possibly few week" unknown who investigator will be
- 04/04/14-Called Mr. Colon left msg. NO RETURN call
- 04/10/14-Called direct line at HNL office 1800-541-3118, case still pending assignment
- 05/09/14-Called national office for assistance 1-800-669-4000, spoke with main branch. Informed by Mr. Joe at national that he will request his supervisor to have someone in HNL contact me
- 06/05/14-Rec'd call from Gloria G. stated still in directors hands for review and is awaiting to be assigned investigator
- 07/24/14-called for follow up, NO answer on Mr. Colon or Mrs. Gloria
- 07/24/14-9:05 called main line left msg on answer machine
- 07/24/14-called Mrs. Gloria number left message, no response
- 08/07/14-called for follow-up left msg on main HNL line 1-800-541-3118/3125 and Mrs. Gloria number again NO response
- 08/09-Called again HNL number no answer on any lines

1

- 08/09/14-Called national EEO number spoke with Clinton stated he will send HNL office info that I did inquiry again and I should have a response within 10 business days. I informed him I don't know what status I am in or who the principal investigator is and my last phone contact was on 06/05/14 and was gravely concerned as 3months had passed and didn't know any status.
- 08/12/14-10:15am GMT rec'd call from Gloria stated Mr. Colon is my investigator. 12:40pm sent email to MR. Colon inquiry status
- 08/12/14 Email: -Email follow-up on case to Mr. Colon regarding investigation status and process
- 08/13/14-called left msg with Mr. Colon NO return call
- 08/14/14 Email: -rec'd email response from Mr. Colon wont start until October
- 09/04/14 Email: -sent email inquiry as "anxiety of unknown process"
- 10/01/14 Email: -sent email inquiry when investigator to commence
- 10/03/14 Email: -Rec'd summary letter of HSP allegation
- 10/14/14 Email: -emailed my response rebuttal (I was under impression sex/pregnancy was in same category)
- 10/20/14 Email: -sent email requesting update of status and what part of investigation that I am in... requested clarification
- 11/21/14 Email: - rec'd email "NO claim" will issue letter to sue
- 11/22/14 Email: -responded to email and requested copy of file NO response
- 12/08/14 Email: -Mailed out certified letter requesting copy of file and follow-up on status of right to sue letter
- 12/29/14-called EEOC 1-800-669-4000 for follow-up waited 40 min system down
- 01/06/15 Email: -Sent email requesting documents, Mr. Colon emailed me form had compatibility issue with my computer
- 01/06/15 Email: -responded rec'd form and also informed Mr. Colon I had NOT received letter of right to sue, informed to contact again next wk if not rec'd
- 02/15/15 Email: -sent email follow, delay in response was due to death in my family and reconfirmed did NOT receive right to sue letter

2

- 02/18/15 Email: -email forwarded to Mr, Colon form 167 for request of document
- 02/25/15-rec'd call from Karen unable to mail to POB and needs physical address, request file be scanned and emailed
- 02/26/15 Email: -rec'd email from Emily Mauga, photo scanned copy of right to sue letter
- 02/26/15 Email: -sent email to confirm receipt of letter
- 02/27/15-unable to get response from Karen, called Mr. Colon and rec'd Karen direct line as no copy of files sent
- 03/05/15 Email: -rec'd email from Karen, however, attachment appears incomplete
- 03/06/15 Email: -Rec'd email confirmation that package will be sent to family member who will forward and mail it to me
- 03/06/15 Email: -Rec'd partial scanned file, after review realized my case was not a mixed review complaint only pregnancy, requested clarity from Mr. Colon. WAS NEVER CLEARLY INFORMED OF MY "DUE PROCESS". 03/06/15-email response regarding my initial complaint
- 03/10/15 Email: -email inquiry for legal assistance
- 03/10/15 Email: -Rec'd email response Mr. Colon will be out 03/09-03/19 and to contact Emily.
  a. 03/12/15 Phone call- Contacted Emily and was trying to explain my request. She stated all investigators are out of office and got extremely offended when she asked "do I speak tagalog"
  b. called national number 1-800-669-4000, according to lady Lillian, I am to contact HNL office and request supervisor to change date of right to sue letter
  c. 03/12/15-called Mrs. Gloria HNL office as she was last POC, rec'd guidance and clarity that I may request "tolling time" and can submit letter for "reconsideration. (With time sensitivity-Please note: neither Emily or Mr. Colon inform me that I had option to appeal decision)

3



CASE LOG

Page

| Charge No. | Respondent | Charging Party |
|---|---|---|
| 486-2014-00105C | GURUSAMY INC. | Marlene Ongesii |

| Date | Action | Entered By | Reviewed/ Approved |
|---|---|---|---|
| 12/19/13 | Formalized charge in IMS and 12/20/13 sent R notice of action | EM | |
| 1/24/14 | Mail Email Fax copy of Charge to CP for signature | RC | |
| 1/25/14 | CHARGE SIGNED | | |
| 1/24/14 | CHARGE RECEIVED | | |
| 1/30/14 | 131 NOTICE OF CHARGE SERVED TO RESPONDENT | | |
| | MAILED CP A COPY OF CHARGE W/2B LETTER | | |
| | 212 TRANSMITTAL SENT TO HCRC W/COPY OF CHARGE | | |
| 1/30/14 | CHARGE ASSIGNED EE | a | |
| 1/22/14 | Spoke to CP - Schedule 2 Take 2/7 cnvry | R | |
| | For 1/24/14 | | |
| 1/24/14 | Conducted 2/Take 2/5 v, CP | RC | |
| 6/8/2014 | Assigned to Rogulio | ws | |
| 10/2/14 | E-mailed C3 222 LTR | RC | |
| 11/6/14 | Attempted To call CP - r. | TR | |
| | Answer am cell/Home Leave msg | | |
| 11/21/14 | Conducted PC in, CP | RC | |
| 2/6/14 | approved Thomason | 2 | |
| | | | |
| | | | |

Form 159 (10/94)

From: **ROGELIO COLON** (ROGELIO.COLON@EEOC.GOV)
Sent: Thu 8/14/14 4:41 AM
To:    Marlene Ongesii (marlene627@hotmail.com)

Hi Ms. Ongesii,

I apologize for the delay in responding, as I was out of the office yesterday. I am able to confirm that your case is assigned to me, but I have not yet had the opportunity to review it, as it was recently assigned. I am currently working on older cases in my inventory, and it is more likely than not that I will not be able to actively work on yours until the new fiscal year, which begins October 1st. However, I am going to try to summarize the employer's responses in a letter, which I will e-mail to you. I hope to be able to do this in the coming weeks. You will then have some time to review the response and provide your own written rebuttal. Should you have any questions, please feel free to contact me. Thank you.

Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051

Office: (808) 541-3121
Fax:    (808) 541-3390
E-mail: rogelio.colon@eeoc.gov

>>> Marlene Ongesii <marlene627@hotmail.com> 8/11/2014 4:39 PM >>>



From: **Marlene Ongesii** (marlene627@hotmail.com)
Sent: Thu 9/04/14 8:19 AM
To:     ROGELIO COLON (rogelio.colon@eeoc.gov); Marlene Ongesii (marlene627@hotmail.com)

Hi Mr. Colon,

I understand the situation and I thank you for your time and patience with me.

I have been quite anxious as I TRULY CAN NOT FATHOM HOW THEY CAN JUSTIFY MY
TERMINATION. I am doing a quick follow up on status of summarization of HSP for my review. My
complaint was pretty detailed when I mailed it in.

Thank you for your time and assistance in this matter. As part of my personal and professional healing
its impeccable that I get this resolved accordingly.

May God Bless You & Yours
"Mar"
688-5816

---

Date: Wed, 13 Aug 2014 14:41:20 -0400
From: ROGELIO.COLON@EEOC.GOV
To: marlene627@hotmail.com
Subject: RE: Info 486201400105

Hi Ms. Ongesii,

I apologize for the delay in responding, as I was out of the office yesterday. I am able to confirm that
your case is assigned to me, but I have not yet had the opportunity to review it, as it was recently
assigned. I am currently working on older cases in my inventory, and it is more likely than not that I
will not be able to actively work on yours until the new fiscal year, which begins October 1st. However,
I am going to try to summarize the employer's responses in a letter, which I will e-mail to you. I hope to
be able to do this in the coming weeks. You will then have some time to review the response and
provide your own written rebuttal. Should you have any questions, please feel free to contact me.
Thank you.

Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051



 

## ROGELIO COLON - RE: Email response eeoc 486-2014-00105

| | |
|---|---|
| **From:** | ROGELIO COLON |
| **To:** | Ongesii, Marlene |
| **Date:** | 10/20/2014 4:23 PM |
| **Subject:** | RE: Email response eeoc 486-2014-00105 |

Ms. Ongesii,

Thanks for your inquiry. Insofar as the next step in the process, the case is under investigation. There is no time frame as to when an investigation is to be completed. However, I will be reviewing your file again tomorrow to determine what other information is required.

Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051

Office: (808) 541-3121
Fax:     (808) 541-3390
E-mail:  rogelio.colon@eeoc.gov

>>> Marlene Ongesii <marlene627@hotmail.com> 10/20/2014 5:58 AM >>>
Hi Mr. Colon,

What are my next steps or part of investigation process I am in?

Can you please clarify what process I am in and timeframe. I was looking online for timeframe guideline but only found federal employees info.

My apologies for pestering. Thanks for your time and

---

Date: Tue, 14 Oct 2014 15:22:35 -0400
From: ROGELIO.COLON@EEOC.GOV
To: marlene627@hotmail.com
Subject: Re: Email response eeoc 486-2014-00105

Received, Ms. Ongesii.          *Rec'd Response*

Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051



 

# ROGELIO COLON - RE: Email response eeoc 486-2014-00105

**From:** ROGELIO COLON
**To:** Ongesil, Marlene
**Date:** 11/21/2014 4:11 PM
**Subject:** RE: Email response eeoc 486-2014-00105

Ms. Ongesil,

This e-mail is to inform you that I have reviewed your case file and the evidence submitted by both parties.

In order to establish a violation on the matter of discipline, it would have to be proven that the factor behind the company's decision to do so was based on your pregnancy. This is not the case, as you were disciplined going as far back as April 2012. While you have rebutted the company's position on this, the fact remains that you were disciplined in connection to your performance prior to informing them of your pregnancy.

In order to establish a violation on the matter of discharge, it would have to be proven that your pregnancy was behind the company's decision to terminate you. However, you have to be able to prove that you were performing satisfactorily. As aforementioned, you were disciplined as far back as April 2012 and leading up to April 2014.

As such, I will be recommending to my Director that your case be closed, and that you be issued a letter of Dismissal and Notice of Right-to-Sue. Should you desire to pursue this matter further, you may do so by filing suit against the company in Federal court within 90 days of receiving our letter. Thank you.


Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051

Office: (808) 541-3121
Fax: (808) 541-3390
E-mail: rogelio.colon@eeoc.gov

>>> Marlene Ongesil <marlene627@hotmail.com> 10/20/2014 8:49 PM >>>
Mr. Colon,

Thanks for your speedy response and clarification. I will patiently wait and look forward to your feedback regarding my case. Again, thank you for your assistance.

Marlene Ongesil

Date: Mon, 20 Oct 2014 22:23:42 -0400
From: ROGELIO.COLON@EEOC.GOV
To: marlene627@hotmail.com



From: **marlene627@hotmail.com**
Sent: Tue 11/25/14 10:02 PM
To: ROGELIO COLON (rogelio.colon@eeoc.gov)

resending...

Mr. Colon,

Thank You, for your time in this matter. WIll it be possible to get all the documents I sent you? I am willing to cover shipping and handling costs. My copies got water damaged due to a leak. Please advise at your earliest.


From: marlene627@hotmail.com
To: rogelio.colon@eeoc.gov
Subject: RE: Email response eeoc 486-2014-00105
Date: Sat, 22 Nov 2014 22:37:55 +1000

Mr. Colon,

Thank You, for your time in this matter. WIll it be possible to get all the documents I sent you? I am willing to cover shipping and handling costs. My copies got water damaged due to a leak. Please advise at your earliest.


Date: Fri, 21 Nov 2014 21:11:37 -0500
From: ROGELIO.COLON@EEOC.GOV
To: marlene627@hotmail.com
Subject: RE: Email response eeoc 486-2014-00105

Ms. Ongesii,

This e-mail is to inform you that I have reviewed your case file and the evidence submitted by both parties.

In order to establish a violation on the matter of discipline, it would have to be proven that the factor behind the company's decision to do so was based on your pregnancy. This is not the case, as you were disciplined going as far back as April 2012. While you have rebutted the company's position on this, the fact remains that you were disciplined in connection to your performance prior to informing them of your pregnancy.

In order to establish a violation on the matter of discharge, it would have to be proven that your pregnancy was behind the company's decision to terminate you. However, you have to be able to prove that you were performing satisfactorily. As aforementioned, you were disciplined as far back as April 2012 and leading up to April 2014.

As such, I will be recommending to my Director that your case be closed, and that you be issued a letter of Dismissal and Notice of Right-to-Sue. Should you desire to pursue this matter further, you may do so by filing suit against the company in Federal court within 90 days of receiving our letter. Thank you.



December 08, 2014

Attention: Rogelio A Colón
Federal Investigator
U.S. EEOC- Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051

Marlene Ongesii
PO Box 20966
Barrigada, Guam 96921
671.688.5816
marlene627@hotmail.com

PS Form 3811, July 2013   Domestic Return Receipt

1. Article Addressed to:
Rogelio Colón
300 Ala Moana Blvd
Honolulu HI 96850-2
Em7-127

2. Article Number
(Transfer from service label)

3. Service Type
☐ Certified Mail ☐ Prio
☐ Registered ☐ Retu
☐ Insured Mail ☐ Coll

4. Restricted Delivery? (Extra

D. Is delivery address different
If YES, enter delivery addr

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is des
Print your name and address on t
so that we can return the card to y
Attach this card to the back of the mailpiece,
or on the front if space permits.

RE: Requesting paper work EEOC 486-2014-00105

Mr. Colon,

I have received you email on November 21, 2014, stating that you... "will be recommending
to my Director that your case be closed, and that you be issued a letter of Dismissal and
Notice of Right-to-Sue." I am currently awaiting letter in mail and I sincerely thank you for
your time and assistance.

However, initially in December 2013 I had mailed in with my EEO complaint letter a whole
chronological stack of paperwork supporting documentation in regards to my EEO
complaint **486-2014-00105**. I have sent emails requesting if my files can be sent but have
not received any written response. In the past 2yrs and the moves and recent flooding many
of my files got water damaged.

Therefore, I am hereby requesting that my files copies be sent and kindly mailed to my
address provided. I have enclosed flat rate envelope and paid for shipping and handling fee.
Thank you for your time and assistance in this matter.

SIncerely,

Marlene M. Ongesii
12/5/14

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

HONOLULU HI 96850

Postage | $
Certified Fee | $5.75 | 0101
Return Receipt Fee (Endorsement Required) | $3.30 | 14   Postmark Here
Restricted Delivery Fee (Endorsement Required) | $2.70
Total Postage & Fees | $ | $0.00

12/08/2014

Case 1:15-cv-00017   Document 1   Filed 05/26/15   Page 39 of 43



From: **marlene627@hotmail.com**
Sent: Tue 1/06/15 10:54 AM
To:    ROGELIO COLON (rogelio.colon@eeoc.gov)

HI Mr. Colon,

Happy New Year and thank you for your response. I understand. Can I scan and email a copy of signed document?

Also, I have been checking the mail and have not received letter case is closed yet. Please advise as I am concerned about the the 90 day timeframe to sue.

Thanks again for all your assistance.

From: **ROGELIO COLON** (ROGELIO.COLON@EEOC.GOV)
Sent: Tue 1/06/15 12:04 PM
To:   marlene627@hotmail.com

Hi Ms. Ongesii,

Yes, a scanned copy will be sufficient, and Happy New Year to you, as well.

Your charge was closed and mailed out in early December 2014. The 90-day clock does not begin until you receive that letter. Please let me know if you do not receive it by the end of next week and I will see what we can do from our side to get you a copy.


Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051

Office: (808) 541-3121
Fax:     (808) 541-3390
E-mail: rogelio.colon@eeoc.gov

> Marlene Ongesii <marlene627@hotmail.com> 1/5/2015 2:54 PM >

From: **ROGELIO COLON** (ROGELIO.COLON@EEOC.GOV)
Sent: Tue 1/06/15 5:23 AM
To:    Marlene Ongesii (marlene627@hotmail.com)
         1 attachment
         disclosure form- Ongesii.pdf (36.0 KB)

Hi Marlene,

In response to your request, once we receive documentation from a Charging Party, we cannot return it to them. However, now that your case is closed, you may request a copy of your case file. Please complete the attached form and return it to me. I will forward it to the unit responsible for processing these requests, which is located in Los Angeles. They will then process the request and respond to it. Thank you.

Rogelio A Colón
Federal Investigator
U.S. EEOC
Honolulu Local Office
300 Ala Moana Blvd., Rm. 7-127
P.O. Box 50082
Honolulu, HI 96850-0051

Office: (808) 541-3121
Fax:    (808) 541-3390
E-mail: rogelio.colon@eeoc.gov

>>> Marlene Ongesii <marlene627@hotmail.com> 11/25/2014 2:02 AM >>>